UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARK S. LEA, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:22-CV-252-HAB |
| | ) |
| QUALITY CORRECTIONAL CARE, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff, then a pre-trial detainee at the Allen County Jail, broke his hand assaulting a confinement officer. He alleges that, during the next four weeks he spent in solitary confinement, he received no treatment for the broken hand. He sued Defendant, the entity contracted by the jail to provide health care services to inmates, alleging that the lack of treatment violated his Constitutional rights. Defendant now moves for summary judgment on that claim. (ECF No. 30). That motion is fully briefed. (ECF Nos. 32, 43).[1] Because the facts do not establish a policy, custom, or practice from Defendant to deny medical care, the motion will be granted.

**I.    Factual Background**

In October 2020, Plaintiff viciously assaulted corrections officer Casey Lemons ("Lemons") while Plaintiff was a pre-trial detainee in the Allen County Jail. The assault left Lemons with multiple facial fractures and a closed head injury. It also left Plaintiff with a broken hand.

---

[1] The time for Defendant to file a reply has expired without action.

Plaintiff alleges that, after the assault, he was placed in solitary confinement for four weeks. During that time, he received no treatment for his broken hand. By the time Plaintiff did receive treatment, the hand had already begun to heal improperly.

Defendant has no official, written policy, practice, or custom to deny individuals like Plaintiff medical assistance. But Plaintiff does identify another individual, Bernard Thomas, who did not receive medical care for more than two weeks after suffering a broken hand. This, Plaintiff claims, demonstrates a "practice, custom, policy, and/or procedure of failing to provide timely and adequate medical care as a matter of course." (ECF No. 43 at 3).

## II.     Legal Analysis

### A.     *Summary Judgment Standard*

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a

bare contention that an issue of material fact exists cannot create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). A court is not "obliged to research and construct legal arguments for parties." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

B.  *Plaintiff has not Shown a Basis for* **Monell** *Liability*

Plaintiff has not sued an employee of Defendant, but Defendant itself. It is well-settled that § 1983 does not allow "for a local government[2] to be sued. . .for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To successfully maintain a § 1983 action against a local government, a plaintiff must demonstrate the existence of an unconstitutional policy. "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403–04 (1997). Such a policy can take one of three forms: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) an allegation that constitutional injury was caused by a person with final policy-making authority." *Rasche v. Vill. of Beecher*, 336 F.3d 588, 597 (7th Cir. 2003).

---

[2] The same analysis applies to an entity, like Defendant, that contracts with a local government and acts under color of state law. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). The parties do not dispute that Defendant was acting under color of state law at all relevant times.

3

The Court need not get into a lengthy discussion about the scope of a pre-trial detainee's constitutional rights under the Fourteenth Amendment because, even if Plaintiff's rights were violated, he has established no basis to hold Defendant liable. Plaintiff's evidence of an unconstitutional policy is two incidents of allegedly inadequate treatment. That's not enough. "There is no clear consensus as to how frequently such conduct must occur to impose *Monell* liability, except that it must be more than one instance or even three." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010). If three incidents do not an unconstitutional policy make, two don't either. There is no evidence that Defendant had an unconstitutional policy, so summary judgment will be granted.

### III. Conclusion

For these reasons, Defendant's motion for summary judgment is GRANTED. The Clerk is DIRECTED to enter judgment for Defendant and against Plaintiff.

SO ORDERED on July 25, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT